# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Nº 13-MC-676 (JFB)

ROBERT L. PRYOR, ESQ., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF GIUSEPPE L. TROMBA,

Plaintiff,

VERSUS

GIUSEPPE L. TROMBA; ELLEN M. TROMBA; JJ TROMBA CORP.; ABC CORP., BEING A FICTITIOUS NAME; AND EASTERN SAVINGS BANK, FSB,

Defendants.

**MEMORANDUM AND ORDER**
April 7, 2014

JOSEPH F. BIANCO, District Judge

*Pro se* defendant Ellen Tromba ("defendant" or "E. Tromba") moves the Court to withdraw the reference to the U.S. Bankruptcy Court for the Eastern District of New York ("the Bankruptcy Court") in *Pryor v. Tromba et al.*, 11-AP-9464 (REG), an adversary proceeding against her in the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Bankruptcy Rules for the Eastern District of New York.[1] Defendant argues that she should not be subject to the Bankruptcy Court's jurisdiction because (1) she is a non-debtor defendant and there is no subject matter jurisdiction over the claims against her; and (2) the requirements for permissive withdrawal of the reference are satisfied. Robert Pryor, the Trustee of Giuseppe L. Tromba's ("the Debtor" or "G. Tromba") Chapter 7 Bankruptcy Estate ("the Trustee" or "Pryor"), opposes. Eastern Savings Bank, FSB ("ESB"), a defendant and cross-claimant in the underlying bankruptcy proceedings, joins in the Trustee's opposition. For the following reasons, the Court denies the motion to withdraw the reference at this juncture. Thus, the denial is without prejudice to a future motion, if the circumstances warrant.[2]

---

[1] The adversary proceeding is related to the underlying bankruptcy proceeding, *In re Giuseppe L. Tromba*, 11-BK-72923 (REG). A review of the record in the adversary proceeding does not indicate that the Bankruptcy Court stayed the matter pending this Court's disposition of the present motion.

[2] Defendant also moves for sanctions because the Trustee has actively litigated the case in the Bankruptcy Court although (according to Tromba) the underlying action was stayed when Tromba filed this motion. (*See* Motion for Sanctions ¶ 9, Docket No. 6.) The Bankruptcy Court did not and was not

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
APR 07 2014 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

N° 13-CV-676 (JFB)

ROBERT L. PRYOR, ESQ., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF GIUSEPPE L. TROMBA,

Plaintiff,

VERSUS

GIUSEPPE L. TROMBA; ELLEN M. TROMBA; JJ TROMBA CORP.; ABC CORP., BEING A FICTITIOUS NAME; AND EASTERN SAVINGS BANK, FSB,

Defendants.

**MEMORANDUM AND ORDER**
April 7, 2014

JOSEPH F. BIANCO, District Judge

Pro se defendant Ellen Tromba ("defendant" or "E. Tromba") moves the Court to withdraw the reference to the U.S. Bankruptcy Court for the Eastern District of New York ("the Bankruptcy Court") in *Pryor v. Tromba et al.*, 11-AP-9464 (REG), an adversary proceeding against her in the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Bankruptcy Rules for the Eastern District of New York.[1] Defendant argues that she should not be subject to the Bankruptcy Court's jurisdiction because (1) she is a non-debtor defendant and there is no subject matter jurisdiction over the claims against her; and (2) the requirements for permissive withdrawal of the reference are satisfied. Robert Pryor, the Trustee of Giuseppe L. Tromba's ("the Debtor" or "G. Tromba") Chapter 7 Bankruptcy Estate ("the Trustee" or "Pryor"), opposes. Eastern Savings Bank, FSB ("ESB"), a defendant and cross-claimant in the underlying bankruptcy proceedings, joins in the Trustee's opposition. For the following reasons, the Court denies the motion to withdraw the reference at this juncture. Thus, the denial is without prejudice to a future motion, if the circumstances warrant.[2]

---

[1] The adversary proceeding is related to the underlying bankruptcy proceeding, *In re Giuseppe L. Tromba*, 11-BK-72923 (REG). A review of the record in the adversary proceeding does not indicate that the Bankruptcy Court stayed the matter pending this Court's disposition of the present motion.

[2] Defendant also moves for sanctions because the Trustee has actively litigated the case in the Bankruptcy Court although (according to Tromba) the underlying action was stayed when Tromba filed this motion. (*See* Motion for Sanctions ¶ 9, Docket No. 6.) The Bankruptcy Court did not and was not

## I. BACKGROUND

On April 27, 2011, G. Tromba filed a voluntary petition for relief from his creditors pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (Trustee Opp. Mem. ¶ 4.) Pryor was qualified as the permanent trustee at the meeting of creditors on June 8, 2011. (*Id.* ¶ 5.) At that meeting, the Debtor testified and it was revealed that, from 2003–2006, he was the owner in fee simple of 3 Sycamore Street in Miller Place, New York ("the Premises"). (*Id.* ¶ 6.) By deed dated November 20, 2006, and recorded in the Suffolk County Clerk's Office on December 20, 2006 ("the Deed"), the Debtor purportedly conveyed his interest in the Premises to himself and defendant as husband and wife. (*Id.*) According to the Deed, the sum of "ten dollars and other valuable consideration" was paid in consideration of the premises transfer. (*Id.*; *accord* ESB Joinder Mem. ¶ 3.) Records and testimony also indicated that the Debtor obtained a mortgage from ESB on or about August 8, 2006, in the principal amount of $702,000. (Trustee Opp. Mem. ¶ 7; *accord* ESB Joinder Mem. ¶ 2.) That mortgage was recorded on May 20, 2008. (Adversary Complaint ¶ 15, Trustee Opp. Mem. Ex. A.) G. Tromba also transferred $53,000 to defendant on October 15, 2010, before the bankruptcy filing. (Trustee Opp. Mem. ¶ 8.) That transfer is listed on Question 7 of the Debtor's Statement of Financial Affairs, which concerns the transfer of gifts or other charitable contributions made within one year immediately preceding the commencement of the bankruptcy case. (*Id.*)

G. Tromba defaulted on the mortgage on October 1, 2007, and has made no payments since then. (ESB Joinder Mem. ¶ 4.) ESB commenced a foreclosure action against the Trombas in state court in June 2008. (*Id.*) In February 2010, ESB moved for a judgment of foreclosure and sale. (*Id.* ¶ 5.) On or about September 20, 2010, the state court signed a judgment of foreclosure and sale that provided that ESB was owed $946,079.97 plus interest, and could proceed to sell the Premises in satisfaction of the amount due. (*Id.* ¶ 6.) Two days before the foreclosure sale, the Debtor filed for bankruptcy. (*Id.* ¶ 8.)

On October 27, 2011, the Trustee filed an adversary proceeding in Bankruptcy Court alleging, *inter alia*, several counts of fraudulent conveyance and one count to avoid the preference (cash) transfer. The Trustee is seeking to avoid the transfers of the Premises and the cash to defendant, to recover the value thereof, and to deny the Debtor a discharge for making the cash transfer with intent to hinder, defraud, or delay creditors within one year of the bankruptcy filing. (Trustee Opp. Mem. ¶ 9.) The Debtor answered and asserted various affirmative defenses on January 20, 2012. (*Id.* ¶ 10.) After defendant failed to answer, the Trustee moved for default judgment against her on March 15, 2012. (*Id.* ¶ 11.) That motion remains pending. (*Id.*)

On April 3, 2012, E. Tromba filed a late answer and asserted affirmative defenses. (*Id.* ¶ 12; *see* Answer, Trustee Opp. Mem. Ex. B.) Defendant requested the withdrawal of the adversary proceeding and a trial by

---

required to stay the underlying proceedings. *See* Fed. R. Bankr. P. 5011(c) ("The filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion."); *see also Nisselson v. Salim*, No. 12 Civ. 92(PGG), 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013) (detailing standard). Therefore, that is not a basis for this Court to impose sanctions. The balance of the motion raises issues best left to the Bankruptcy Court. Accordingly, the Court denies the motion for sanctions.

2

jury; alleged that the Debtor was solvent on November 20, 2006, and not rendered insolvent by the transfer of part of his interest in the Premises to his wife; claimed that the Debtor received fair consideration in exchange for the cash transfer; and claimed that the Trustee's claims are barred by § 550 of the Bankruptcy Code. (*See* Answer, at 12–13.) ESB answered on May 15, 2012, asserting affirmative defenses and cross-claims against the Trombas. (ESB Joinder Mem. ¶ 10.) Its fourth cross-claim seeks a declaratory judgment that the interests in the Premises purportedly conveyed by the Deed are subject to the prior and senior ESB mortgage. (*Id.* ¶ 11.) Neither of the Trombas moved, answered, or responded to the cross-claims. (*Id.* ¶ 12.)

On April 16, 2013, the Trustee filed a motion for summary judgment against the Trombas with respect to the transfers. (Trustee Opp. Mem. ¶ 13.) ESB also moved for summary judgment. (*Id.*) On April 30, 2013, the day before a hearing on the motions, defendant filed a Chapter 13 bankruptcy petition. (*Id.* ¶ 14.) That case was dismissed for, among other things, defendant's failure to provide certain documents and other mandatory disclosures and to make certain payments to the Chapter 13 Trustee. (*Id.*) On August 23, 2013, one day before the next hearing on the summary judgment motions, defendant filed a second Chapter 13 case. (*Id.*) A settlement stipulation between ESB and the Trustee was approved on July 31, 2013, and supplemented and approved by the Bankruptcy Court in October 2013. (ESB Joinder Mem. ¶ 16.) Defendant withdrew her appeal of the stipulation on August 15, 2013. (Trustee Opp. Mem. ¶ 16.)

II.   STANDARD OF REVIEW

District courts have original jurisdiction over civil proceedings "arising under" or "related to" bankruptcy cases brought pursuant to Title 11 of the United States Code, 28 U.S.C. § 1334. Pursuant to 28 U.S.C. §157(a), each district court may refer "any or all" bankruptcy proceedings "to the bankruptcy judges for the district." The Eastern District of New York has a standing order that provides for automatic reference of bankruptcy cases to the Bankruptcy Court ("1986 Standing Order"). *Eastern District Administrative Order* 264 (1986); *see In re Global Aviation Holdings Inc.*, 496 B.R. 284, 286 (E.D.N.Y. 2013). The district court, however, retains the authority to withdraw the reference in two circumstances. *See* 28 U.S.C. § 157(d).

First, § 157(d) provides for mandatory withdrawal "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); *see In re Global Aviation Holdings*, 496 B.R. at 286. "'The Second Circuit . . . construes this provision narrowly, requiring withdrawal of the reference only if substantial and material consideration of non-Bankruptcy Code federal [law] is necessary for the resolution of the proceeding.'" 496 B.R. at 286 (quoting *In re Extended Stay, Inc.*, 466 B.R. 188, 196 (S.D.N.Y. 2011)). "Substantial and material consideration" means "significant interpretation, as opposed to simply application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991); *Picard v. HSBC Bank PLC*, 450 B.R. 406, 409 (S.D.N.Y. 2011). Mandatory withdrawal is neither at issue nor relevant to the present motion before this Court.

Second, § 157(d) provides for permissive withdrawal, whereby a "district court may withdraw, in whole or in part, any case or proceeding referred to under this

3

section, on its own motion or on timely motion of any party, for any cause shown." 28 U.S.C. § 157(d). "In determining whether a party has shown 'cause,' courts consider factors including 'whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law.'" *In re Murphy*, 482 F. App'x 624, 628 (2d Cir. 2012) (quoting *In re Orion Pictures, Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)); *see Nisselson*, 2013 WL 1245548, at *3 (explaining that the court should consider "(1) whether the bankruptcy court has constitutional authority to enter a final decision; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand" (citations and footnotes omitted)). No single factor is dispositive, but the *Orion* court considered the most important inquiry to be whether or not the claim falls within the bankruptcy court's core jurisdiction. *In re Global Aviation Holdings*, 496 B.R. at 286–87.[3]

Recently, however, the Supreme Court emphasized that finding that a matter is core does not ensure that the bankruptcy court has the constitutional authority to adjudicate it. *Stern v. Marshall*, --- U.S. ---, 131 S. Ct. 2594, 2608 (2011). Instead, a bankruptcy court may enter final judgment only (1) if the claim involves a public right; (2) the process of adjudicating the creditor's proof of claim would resolve a counterclaim; or (3) the parties consent to final adjudication by the bankruptcy court. *Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526, 530 (S.D.N.Y. 2012); *accord In re Global Aviation Holdings*, 496 B.R. at 287; *see also In re Lyondell Chem. Co.*, 467 B.R. 712, 719–20 (S.D.N.Y. 2012) ("*Stern* thus stands for the proposition that a bankruptcy court lacks final adjudicative authority over a core claim when each of these three conditions is met."). Accordingly, after *Stern*, the relevant inquiry under the first prong of the *Orion* test is not whether a matter is core or non-core, but whether the bankruptcy court has the authority to finally adjudicate the matter. *In re Arbco Capital Mgmt.*, 479 B.R. at 262 (citations omitted).

The moving party bears the burden of showing that permissive withdrawal of the reference is warranted. *Nisselson*, 2013 WL 1245548, at *3 (citing *In re Ames Dept. Stores, Inc.*, No. M-47(PKL), 1991 WL 259036, at *2 (S.D.N.Y. Nov. 25, 1991)).

---

[3] In response to the Supreme Court's holding that it was unconstitutional for a bankruptcy court to enter a final judgment adjudicating state-law contract claims against a party who was not otherwise a part of the bankruptcy proceeding, *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 88 (1982), Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. § 157 (the "1984 Act"). The 1984 Act empowers bankruptcy courts to hear, determine, and enter final judgment on core matters, including "matters concerning the administration of the estate," "counterclaims by the estate against persons filing claims against the estate," "proceedings to determine, avoid, or recover preferences," and "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(1)(A), (B), (F), (H). With respect to non-core matters, the 1984 Act requires "any final order or judgment [to] be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). As Judge Oetken explained in *In re Arbco Capital Management, LLP*, 479 B.R. 254 (S.D.N.Y. 2012), before 2011, "it was widely understood that, pursuant to the 1984 Act, the Bankruptcy Court had the authority to finally resolve core matters, while it lacked such authority with respect to non-core matters." *Id.* at 260.

4

To bridge the apparent statutory gap that followed from *Stern*'s holding that bankruptcy courts lacked the constitutional authority to enter final judgment on certain core proceedings, the 1986 Standing Order was amended in December 2012 as follows:

> [I]f a bankruptcy judge or district judge determines that a bankruptcy judge cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred under this order and designated as core under section 157(b) of title 28, unless the district court orders otherwise, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusion of law to the district court[.] . . .
>
> [T]he district court may treat any order or judgment of the bankruptcy court as proposed findings of fact and conclusions of law in the event that the district court concludes that a bankruptcy judge could not enter that order or judgment consistent with Article III of the United States Constitution.

*Eastern District Administrative Order 601* (2012) ("2012 Standing Order").

### III. DISCUSSION

Defendant argues that the reference should be withdrawn because (1) the Bankruptcy Court does not have subject matter jurisdiction over the non-bankruptcy-related claims against a non-debtor defendant, and (2) the requirements for permissive withdrawal are satisfied. (Motion, at 2.) For the reasons set forth below, the Court disagrees and denies the motion to withdraw the reference.[4]

As a threshold matter, the Court notes that the Bankruptcy Code includes a broad grant of subject matter jurisdiction over a debtor's property: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e). Thus, a bankruptcy court may enter an order affecting a non-debtor's interest in certain property if the court has personal jurisdiction over the non-debtor or *in rem* jurisdiction over the property. *In re Feldman*, 309 B.R. 422, 428 (Bankr. E.D.N.Y. 2004) (citing *In re Price*, 304 B.R. 769 (Bankr. N.D. Ohio 2004)). Nevertheless, "[w]hile a debtor submits to the jurisdiction over the bankruptcy court by filing the petition, no such jurisdiction is invoked over a non-debtor spouse," courts have "consistently found that *in rem* jurisdiction obtains where a debtor shares a common ownership interest with the non-debtor in real property, such that the property becomes 'property of the estate' under Section 541 of the Code." *Id.* (internal citation omitted). Therefore, assuming *arguendo* that both Trombas have a valid property interest in the Premises at issue, it is clear that the Bankruptcy Court has *in rem*

---

[4] The majority of defendant's reply does not focus on *Orion/Stern* analysis. Instead, she addresses the merits of the Trustee's complaint and challenges the underlying bankruptcy proceeding and the conduct of the Trustee and defendant's former counsel. For instance, defendant opposes the foreclosure sale on the grounds that her unencumbered interest was recorded before the bank recorded its interest. (Tromba Reply Mem. ¶ 5.) Such issues are not properly before this Court, and therefore the Court does not consider them. Moreover, the adversary proceeding challenges whether defendant has any interest, unencumbered or otherwise, in the Premises.

5

jurisdiction over and can affect Ms. Tromba's interest in the Premises.

Turning specifically to Ms. Tromba's argument that the claims against her should not be litigated in the Bankruptcy Court, this Court concludes that withdrawal is not warranted, even though, pursuant to *Stern*, the Bankruptcy Court lacks authority to enter final judgment on the fraudulent conveyance and preference claims.

### A. Final Adjudicative Authority

The Court briefly addresses the Bankruptcy Court's final adjudicative authority although Trustee and ESB concede that none of the exceptions in *Stern* apply to the Trustee's fraudulent conveyance and preferential transfer claims against defendant. (Trustee Opp. Mem. ¶ 25.)

#### 1. Public or Private Right

Claims based on preferential transfers and alleged fraudulent conveyances are classified as core by 28 U.S.C. § 157(b)(2)(F) and § 158(b)(2)(H), respectively, but they do not fall under the public rights exception to *Stern*. *See, e.g., Nisselson*, 2013 WL 1245548, at 4 ("Accordingly, consistent with the 'emerging consensus' in this District, this Court concludes that the Bankruptcy Court does not ordinarily have constitutional authority to enter a final decision on avoidance claims because, although they may be core bankruptcy matters, they concern private rights."); *In re Arbco Capital Mgmt.*, 479 B.R. at 264–66 (concluding that, pursuant to *Stern*, fraudulent conveyance claims designed to augment the bankruptcy estate involve private rights, and that claims for avoidance of preferential transfers, where the creditor has filed no prove of claim, are not subject to the public right exception, either);[5] *In re Lyondell Chem. Co.*, 467 B.R. 712, 721 (Bankr. S.D.N.Y. 2012) ("Under both *Stern* and *Granfinanciera*, then, it is axiomatic that a fraudulent conveyance claim against a person who has not submitted a claim against a bankruptcy estate, brought solely to augment the bankruptcy estate, is a matter of private right.") Therefore, the first exception is not applicable in this case.

#### 2. Proof of Claim

A creditor may subject itself to the binding authority of the bankruptcy court by filing a proof of claim against the bankrupt estate. *In re Arbco Capital Mgmt.*, 479 B.R. at 262–63 (citing *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.")); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n. 14 (1989) ("By presenting their claims respondents subjected themselves to all the consequences that attach to an appearance . . . .")). This exception is not applicable here as defendant has not filed a proof of claim against the

---

[5] "A voidable preference claim asserts that a debtor made a payment to a particular [party] in anticipation of bankruptcy, to in effect increase that [party]'s proportionate share of the estate." *Stern*, 131 S. Ct. at 2616. In *In re Arbco Capital Management*, Judge Oetken recognized that "the Supreme Court has not expressly held that actions to avoid preferential transfers are matters of private right," but it has "determined that preference defendants are entitled to trial by jury." 479 B.R. at 265. This Court concurs with Judge Oetken's conclusion that, because "a preference defendant is entitled to a jury trial before an Article III court where it has not filed a proof of claim against the bankruptcy estate, it follows that the preference defendant is entitled to have its claim finally adjudicated by an Article III judge," and, therefore, in that situation, the preferential transfer claim is a matter of private right. *Id.* at 265–66.

6

estate to be resolved in connection with this adversary proceeding.

### 3. Consent

Finally, although the Trustee concedes that defendant has not consented to the Bankruptcy Court's jurisdiction to enter final judgment, the Trustee does argue that the motion is untimely and should not be considered. The Court construes this argument to be one for implied consent to the Bankruptcy Court's jurisdiction. *See Men's Sportswear, Inc. v. Sasson Jeans (In re Men's Sportswear, Inc.)*, 834 F.2d 1134, 1138 (2d Cir. 1987) (finding that defendant's failure to object to bankruptcy court's assumption of "core jurisdiction" during extensive proceedings before the court and the further failure to object to any part of the appeals process in the district court constituted consent to the final adjudication of the controversy before the bankruptcy court).

"There is no specific time limit for applications under 28 U.S.C. § 157(d) to withdraw a reference to the bankruptcy court...." *Lone Star Indus., Inc. v. Rankin Cnty. Econ. Dev. Dist. (In re N.Y. Trap Rock Corp.)*, 158 B.R. 574, 577 (S.D.N.Y.1993); *see also The Singer Co., B.V. v. Groz-Beckert KG (In re The Singer Co., N.V.)*, No. 01 Civ. 0165, 2002 WL 243779, at *4 (S.D.N.Y. Feb. 20, 2002) (citations omitted) (same). In situations such as a motion to withdraw a bankruptcy reference, where "timeliness is not governed by a specific timetable," the court must assess timeliness in the context of the parties' interactions throughout the course of the litigation in the bankruptcy court. *Lone Star Indus.*, 158 B.R. at 577. Therefore, "courts in this Circuit have defined 'timely' to mean 'as soon as possible after the moving party has notice of the grounds for withdrawing the reference.'" *Official Comm. of Unsecured Creditors of FMI Forwarding Co., Inc. v. Union Transp. Corp. (In re FMI Forwarding Co., Inc.)*, No. 04 Civ. 630, 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (quoting *Kentile Floors, Inc. v. Congoleum Corp. (In re Kentile Floors, Inc.)*, No. 95 Civ. 2470, 1995 WL 479512, at *2 (S.D.N.Y. Aug. 10, 1995)).

Based on the particular circumstances, a delay that is acceptable in one case may not be acceptable in another case. *Id.*; *compare In re WorldCom, Inc.*, No. 06 Civ. 3407(JGK), 2006 WL 2129309, at *2 (S.D.N.Y. July 26, 2006) (motion untimely where over 18 months had elapsed between debtor's objection to proof of claim and claimant's motion to withdraw reference); *In re FMI Forwarding Co., Inc.*, 01 Civ. 9462(DAB), 01-02992(CB), 2004 WL 1348956, at *6 (S.D.N.Y. June 16, 2004) (motion untimely when made 18 months after movant became aware of grounds for motion); *In re Rickel & Assocs., Inc.*, 03 Civ.7236 PKC, 2003 WL 23021972, at *2–3 (S.D.N.Y. Dec. 24, 2003) (motion untimely because adversary proceeding regarding effect of stipulation was pending in bankruptcy court for 31 months prior to motion and bankruptcy court expended substantial resources in addressing issues), *and Connolly v. Bidermann Indus. U.S.A., Inc.*, No. 95 Civ. 1791, 1996 WL 325575, at *3 (S.D.N.Y. June 13, 1996) (motion untimely after a delay of eight months), *with Kentile Floors, Inc.*, 1995 WL 479512, at *2 (motion timely after a delay of nine months where parties had been in mediation for several months and motion was filed promptly after mediation was abandoned). It is clear, however, that "[d]elay for tactical reasons, prejudicial to the opposing party or the administration of justice, can be grounds for denying" a withdrawal motion. *Lone Star Indus.*, 158 B.R. at 577; *see also FMI Forwarding Co.*, 2005 WL 147298 at *6–7; *The Singer Co.*, 2002 WL 243779 at *4.

7

The Bankruptcy Code, however, requires "express consent of the parties" for a bankruptcy judge to enter final orders and judgments in non-core matters. Fed. R. Bankr. P. 7012(b); *see In re Arbco Capital Mgmt.*, 479 B.R. at 267 (finding that defendant did not expressly consent to adjudication of matters by bankruptcy court or knowingly waive right to have claims adjudicated by Article III court, especially when matter was considered in light of the timing of the *Stern* decision); *In re Lyondell Chem.*, 467 B.R. at 722 (holding that the court should not infer consent where defendants seek withdrawal at the close of discovery and "where new precedent renders unclear the authority of the bankruptcy [court] to enter final judgment on certain claims"). According to the Second Circuit, "a court should not lightly infer from a litigant's conduct consent to have private state-created rights adjudicated by a non-Article III bankruptcy judge." *In re Men's Sportswear*, 834 F.2d at 1138.

The Trustee brought the adversary proceeding in October 2011, after *Stern* was issued. Defendant filed the instant motion, however, in August 2013, almost two years later. She also filed an untimely answer in April 2012. Under those circumstances, the motion is untimely. Nevertheless, given that defendant was *pro se* when the answer was due, and her subsequent counsel's failure to move for a withdrawal despite it being in the untimely answer, the Court does not find that defendant expressly consented to the adjudication of these matters by the Bankruptcy Court or knowingly waived her rights to have these claims adjudicated by an Article III court.

Accordingly, because (1) the fraudulent conveyance and preferential transfer claims involve private rights, (2) defendant has filed no proof of claim, and (3) she has not consented to final judgment by the Bankruptcy Court, this Court concludes that the Bankruptcy Court lacks final authority to adjudicate these claims and that final judgment must be entered by an Article III court. The Court next considers the remaining *Orion* factors and concludes that they weigh in favor of maintaining the reference to the Bankruptcy Court.

B.  Other *Orion* Factors

Considerations of judicial efficiency, economical use of the parties' resources, forum shopping, and expediting the bankruptcy proceeding weigh heavily against withdrawing the reference at this juncture. "[A]s a general matter, the Bankruptcy Court is more familiar with avoidance claims," as they are core proceedings and customarily adjudicated by bankruptcy courts. *Nisselson*, 2013 WL 1245548, at *6. The Second Circuit has cautioned that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *Orion*, 4 F.3d at 1101. This warning is particularly apt here, where the Bankruptcy Court has administered the adversary proceeding for approximately over two years, overseen discovery, held hearings, has the motions for summary judgment before it, and is more intimately familiar with the facts, circumstances, and legal issues surrounding the Debtor's bankruptcy case and the adversary proceeding. *See In re Lyondell Chem.*, 467 B.R. at 723–24 (denying motion to withdraw the reference where bankruptcy court had overseen discovery and begun work on several motions); *In re Extended Stay*, 466 B.R. at 206 ("Judicial economy would be promoted by allowing the bankruptcy court, already familiar with the extensive record in this case, to initially adjudicate these cases."). Moreover, defendant protracted the litigation by failing to timely file at the outset, and by filing two

8

Chapter 13 bankruptcies only days before hearings on the motions for summary judgment. Therefore, it would be more efficient for the Bankruptcy Court to propose findings of fact and conclusions of law in the first instance than withdraw the reference at this stage.[6]

Lastly, Defendant's demand for a jury trial does not require a withdrawal of the reference. Federal Rule of Bankruptcy Procedure 9015 makes applicable Federal Rule of Civil Procedure 38. Rule 38(b) provides that a party may demand a trial jury by: "(1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served" and "(2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). Furthermore, Rule 38(d) provides that: "[a] party waives a jury trial unless its demand is properly served and filed."

"A motion for withdrawal of the reference will not be granted simply because of a party's demand for a jury trial[,] without consideration of how far the litigation has progressed[,] because such decision would run counter to the court's interest in judicial economy." *In re Extended Stay*, 466 B.R. at 198, 206 (holding that, notwithstanding jury demand, "withdrawing the reference is premature where discovery has not commenced and plaintiffs have not yet survived a motion to dismiss"). Withdrawal of the reference based on a demand for a jury trial is not required or appropriate, therefore, if the demand for a jury trial is not valid or it is premature. *See Nisselson*, 2013 WL 1245548, at *3, 6 (denying motion to withdraw reference based on jury demand because bankruptcy court retained jurisdiction over all pre-trial matters, including a determination of whether defendants had waived any right to a jury trial, and because demand was premature at that stage of proceedings); *In re Enron Corp.*, No. 04 Civ. 7950(NRB), 2005 WL 356856, at *5 (S.D.N.Y. Feb. 15, 2005) ("[C]ourts often find it appropriate to defer withdrawing the reference until a case is trial ready.") (internal quotation omitted).

Here, defendant's demand for a jury trial was untimely, and the Bankruptcy Court has not ruled on the Trustee's motion for default against defendant. Further, nothing in defendant's papers suggests that the proceeding is at the pre-trial stage. Rather, two motions for summary judgment are pending before the Bankruptcy Court. Those motions will have to be disposed of, in accordance with the 2012 Standing Order and this Memorandum and Order, before the Court could decide whether to withdraw the reference on the basis of a jury trial.

Accordingly, the Court concludes that the *Orion* factors weigh against the permissive withdrawal of the reference at this juncture.

---

[6] There is no indication that forum shopping motivated defendant, as opposed to a genuine belief that the Bankruptcy Court lacks subject matter jurisdiction. *Cf. In re Lyondell Chem.*, 467 B.R. at 725 ("It is unclear whether the defendants are engaged in forum shopping or simply believe that withdrawal of the reference will reduce the time and expense of litigation."). Therefore, this consideration does not cut one way or the other.

## IV. CONCLUSION

For the foregoing reasons, the motion to withdraw the bankruptcy reference is denied without prejudice. The motion for sanctions also is denied. The Clerk of the Court is directed to remand this matter to the Bankruptcy Court and to close this case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: April 7, 2014
Central Islip, NY

\* \* \*

The Trustee is represented by Anthony F. Giuliano of Pryor & Mandelup, L.L.P., 675 Old Country Road, Westbury, NY 1590. ESB is represented by Mickee M. Hennessy and Thomas A. Draghi of Westerman Ball Ederer Miller & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, NY 11556. Defendant proceeds *pro se*.